# Consumer Litigation Group

Dimitrios Kolovos ▫■○
Brian T. Shaw ▫■
Joseph A. Mullaney, III ▫■●
William J. Veitch ▫

▫Bar of NJ
■Bar of PA
○Bar of NY
●Bar of MD

Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA 19063

Phone: 610-616-5303
Fax: 610-672-1944

www.ConsumerLitigators.com
info@ConsumerLitigators.com

**New Jersey Office**
701 White Horse Road, Suite 3
Voorhees, NJ 08043
Phone: 856-861-4241
Fax: 610-672-1944

**Sender's Direct Contact:**
JMullaney@ConsumerLitigators.com
Phone: 610-616-5303, ext. 4
Fax: 610-672-1944

February 16, 2011

**VIA ECF (EMERGENT)**
Honorable Lois Goodman, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

**EMERGENCY NOTICE & REQUEST**

RE:   *NICHOLAS COSMAS v. AMERICAN EXPRESS CENTURION BANK*
        **District Court of New Jersey, Case No.: 07-6099-FLW**
        **Settlement Conference Scheduled for February 25, 2011, at 11:00 a.m.**
        ***Ex Parte* Settlement Conference Memorandum due February 18, 2011**

Your Honor:

      I have been approached by the Plaintiff in the above-referenced matter who apparently is picking up the pieces left by his attorney, Timothy J. Provost, Esq. of Provost & Colrick, PA, who allegedly failed or imminently failed to attend the last scheduled settlement conference in the above-referenced matter. Mr. Provost has allegedly abandoned Mr. Cosmas's case based on Mr. Cosmas's discussions with Mr. Provost's partner, Mr. Colrick, who confirmed as much (*e.g.*, Mr. Colrick has not been able to contact Mr. Provost for weeks and cannot determine his whereabouts).

      Mr. Cosmas did not seek an adjournment of the February 4, 2011 settlement conference based on his desire to obtain new counsel; rather, it appears Mr. Provost had abandoned Mr. Cosmas, and it was Mr. Corlick who requested an adjournment on that basis. *But see* Order, J. Goodman (Feb. 3, 2011) (Document No. 38) (observing that "Plaintiff has advised counsel that he may seek to retain new counsel," but not observing that Mr. Provost cannot be found) (see attached).

      Plaintiff presents to me with a complicated case history requiring two written opinions just days prior to a settlement conference in which his attorney of record is unlikely to appear. I propose the following solution for the Court's consideration:

    1)    I represent Mr. Cosmas for the purposes of settlement only (limited appearance), and I do not enter my general appearance.

    2)       The Court grants an additional adjournment so that the undersigned can obtain an appropriate familiarity with the case where at least 30 days is sought.

    3)       The Court order Mr. Provost to appear at any scheduled settlement conference so that he may advance, if he chooses, any claim Mr. Cosmas has for attorney's fees and costs based on Mr. Provost's alleged time and costs in this fee-shifting litigation.

Whether the Court grants Mr. Cosmas an opportunity to obtain new counsel or not and whether that attorney may enter a limited appearance or not, **the case cannot reasonably settle** if the claim for Mr. Provost's attorney's fees and costs in this fee-shifting litigation is not advanced or abandoned. In other words, Mr. Provost's lien, if any, will prevent the parties' hoped-for settlement if it is not known whether any lien may affect Mr. Cosmas' recovery. Neither Mr. Cosmas nor I would be able to advance Mr. Provost's alleged time and costs in the alternative as neither of us have any personal knowledge as to same (assuming there is a charging or attorney lien).

The representations I have made in this letter are not based on my personal knowledge; they are based on information, belief, and opinion provided by Mr. Cosmas. Allegations concerning Timothy J. Provost, Esq. and/or Provost & Colrick are asserted pursuant to Mr. Cosmas' good faith attempt to protect his interests in this matter. They are **not** presented as fact and are based entirely in opinion. Mr. Cosmas has not retained me to generally appear in this case, and he has not formally terminated his relationship with Mr. Provost at this time.

I look forward to a telephone conference in which I may better present Mr. Cosmas's concerns and to insulate him from his attorney's alleged abandonment. As I may not be an ECF noticed attorney in this case, please direct chambers to notify me in an alternative fashion should the Court request additional actions on my part.

Your Honor's time and attention to this matter is greatly appreciated; please direct any questions, comments, or concerns to the above contact information.

                                                                                  Very truly yours,
                                                                                  **CONSUMER LITIGATION GROUP**
                                                                                  s/Joseph A. Mullaney, III
                                                                                  Joseph A. Mullaney, III, Esq.

JAM
Encl(s):    Goodman Order, Feb. 3, 2011
CC:          Jack Gross, Esq. via ECF
               Timothy J. Provost, Esq. via ECF
               Nicholas Cosmas

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**LOIS H. GOODMAN**<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER U.S. COURTHOUSE<br>402 EAST STATE STREET<br>ROOM 7050<br>TRENTON, NJ 08608<br>609-989-2114 |

February 3, 2011

**LETTER ORDER**

Re:   **COSMAS v. AMERICAN EXPRESS CENTURION BANK.**
       **Civil Action No. 07-6099 (FLW)**

Dear Counsel:

   The Court has reviewed the February 3, 2011 letter from counsel for Plaintiff, indicating that Plaintiff has advised counsel that he may seek to retain new counsel and asking that the settlement conference currently scheduled for February 4, 2011 be adjourned for a short period of time to allow him to do so. The request is granted, and the settlement conference is hereby adjourned to **February 25, 2011 at 11:00 a.m.**

   **Counsel and parties with full authority to settle are to be present in person. Any failure in this regard may subject the party to an imposition of sanctions**.

   Five days before the conference, each party is to submit an *ex parte* statement of five pages or less, setting forth the issues relevant to settlement and the party's position as to settlement.

   In the event Plaintiff elects not to continue with his current counsel, he is directed to have new counsel file a substitution of counsel prior to the settlement conference, or, if Plaintiff intends to proceed *pro se* in this matter, he is directed to have counsel file a motion for leave to withdraw prior to the settlement conference.

   IT IS SO ORDERED.

*/s/ Lois H. Goodman*

LOIS H. GOODMAN
United States Magistrate Judge
